STERLING INGRAM v. STATE.

150 So. 591
Division A.
Opinion Filed October 19, 1933.

*Wm. W. Flournoy,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—This is a writ of error in a criminal case wherein the purported judgment appealed from is as follows:

"State of Florida v. Sterling Ingram.

"Arson.

"The prisoner being at the bar, in custody, was asked by the Court if he had anything to say, why, the sentence of the law should not be pronounced upon him, and he saying nothing in bar or preclusion thereof, the judge proceeded to pronounce the following judgment and sentence:

"You, Sterling Ingram, having at a term of this Court on the 17th day of September, A. D. 1930, plead guilty, to the crime of Arson, and the passing of sentence at that time withheld until the 1st day of the next term of this Court, upon condition that you be, a good law abiding citizen, and the sentence having been likewise withheld at each subsequent term of the Court upon the same condition, until this the Winter Term, 1933, when it is made to appear that you have failed to comply with the conditions, and that you have failed to demean yourself as a good law abiding citizen, it is therefore now the judgment of the Court and the sentence of the law, that you, Sterling Ingram, for your said offense do be confined at hard labor in the State Prison of the State of Florida for the period of Seven (7) years.

"Thereupon, the prisoner was remanded to the custody of the Sheriff."

The sentence imposed is not supported by a proper adjudication of the defendant's guilt. Therefore under the authority of Cauhn v. State, 98 Fla. 185, 122 Sou. Rep. 565, and cases therein cited, the writ of error should be quashed and the cause remanded to the Circuit Court for the proper

resentencing of the defendant after judgment adjudicating guilt is first entered in appropriate form.

Writ of error quashed, and cause remanded for resentence of prisoner after making proper adjudication of defendant's guilt.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, and BUFORD, J. J., concur.